UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN FRIENDS SERVICE COMMITTEE, et al., ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES DEPARTMENT OF ) DEFENSE, ) ) Defendant. ) ) | Case No. 06-2529<br><br>Hon. Norma L. Shapiro<br>Judge Presiding |

**ANSWER**

Defendant, the Department of Defense ("DOD"), submits the following answer to plaintiffs' complaint for injunctive relief.  In response to the correspondingly numbered paragraphs of plaintiffs' complaint, defendant answers as follows:

1. The allegations are characterizations of plaintiffs' complaint to which no response is required except that the Court is respectfully referred to the remainder of the complaint for a complete and accurate statement as to its contents.  To the extent a response is required, deny that plaintiffs have accurately characterized the standard for expedited processing.

2. The allegations are characterizations of media reports and public statements to which no response is required.  Defendants are also unable to respond to the first sentence because plaintiffs have not identified the reports at issue.  To the extent a response is required, deny the second sentence, admit the first two clauses of the third sentence, but deny the third clause.

3. The allegation is a characterization of plaintiffs' requests to which no response is required, except to admit that plaintiffs filed FOIA requests in either February or March 2006. The Court is also respectfully referred to plaintiffs' requests for a complete and accurate statement as to their contents. To the extent a response is required, deny that all requests asked for documents concerning "policies, procedures, and practices" and deny that any plaintiff submitted requests in both February and March.

4. The allegation is a characterization of plaintiffs' requests to which no response is required, except that the Court is respectfully referred to plaintiffs' requests for a complete and accurate statement as to their contents. To the extent that a response is required, admit that plaintiffs claimed to meet the standard for expedited processing, but deny that plaintiffs actually satisfied the standard.

5. Admit the first clause; admit the second clause, insofar as the response letters of two components did not specifically address expedited processing; deny the third clause. Admit the second sentence, except deny insofar as the request assumes that both agency components that granted expedited processing have responsive documents.

6. Admit, except insofar as the word "documents" includes the agencies' responses, in which case deny.

7. The allegations are legal conclusions to which no response is required.

8. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted, except admit that the TALON database at one point contained reports during the specified time frame related to events in the specified cities.

9. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted, except admit that the TALON database at one point contained a report related to an event at Fort Bragg.

10. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

11. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

12. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted, except admit that the TALON database at one point contained a report related to an event at Carnegie Mellon.

13. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

14. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

15. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

16. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

17. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

18. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

19. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

20. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

21. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

22. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

23. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

24. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

25. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

26. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

27. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

28. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

29. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

30. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

31. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

32. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

33. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

34. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted, except admit that the TALON database at one point contained a report related to a December 2004 protest in Providence.

35. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

36. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

37. Defendant is without knowledge sufficient to form a belief as to the truth of the matter asserted.

38. Defendant is without knowledge sufficient to form a belief as to the truth of the first three sentences, except admit that the ACLU is a national organization that provides free legal representation and provides information to the public about civil rights and civil liberties issues. The fourth sentence consists of characterizations of unspecified lawsuits to which no response is required except admit that the ACLU represents individuals and organizations that

have filed lawsuits that allege that the government has engaged in what the lawsuits characterize as illegal government surveillance activity.

39.     Admit the first sentence.  Defendant is without knowledge sufficient to form a belief as to the truth of the final two sentences.

40.     Admit.

41.     The first sentence and first clause of the second sentence (beginning "After NBC News . . .") consist of characterizations of media reports to which no response is required, except that the Court is respectfully referred to the cited articles for a complete and accurate statement as to their contents.  To the extent a response is required, defendants are without knowledge sufficient to form a belief as to the truth of the first clause of the second sentence.  Admit the second clause of the second sentence.  Deny the third sentence.  Admit the fourth sentence with the qualification that the training addressed such policies only as they applied to U.S. persons.

42.     The first two sentences consist of characterizations of media reports to which no response is required, except that the Court is respectfully referred to the cited articles for a complete and accurate statement as to their contents.  To the extent a response is required, deny the first and second sentences.  Admit the third sentence except with respect to plaintiffs' characterization of the reports as "numerous," DOD activities as "surveillance," and the reports as coming "in the wake of" of the NBC report, to which no response is required.  To the extent a response is required, DOD denies the characterization of DOD actions as "surveillance of domestic political activities."

43. The paragraph consist of characterizations of news reports to which no response is required, except that the Court is respectfully referred to the cited articles for a complete and accurate statement as to their contents. To the extent a response is required, deny.

44. The first sentence consists of characterizations of statements of members of Congress to which no response is required, except that the Court is respectfully referred to the cited articles for a complete and accurate statement as to their contents. The second sentence consists of a vague characterization to which no response is required. To the extent a response is required, deny.

45. Admit the first sentence except deny that any plaintiff submitted requests in both February and March of 2006. The second sentence is a characterization of plaintiff ACLU's FOIA request to which no response is required, except that the Court is respectfully referred to the request for a complete and accurate statement as to its contents. Admit the last two sentences.

46. Admit that the various plaintiffs submitted Freedom of Information Act requests dated February 1, 2006, except deny that the MCLU submitted requests to the Navy and Defense Intelligence Agency ("DIA"), and defendants are without knowledge sufficient to form a belief as to the actual date the requests were sent. Also deny that the defendants received the requests on February 1, 2006. Admit the second sentence only insofar as "the same as" means the same request that the requester submitted to other components. Otherwise, deny.

47. Admit the first sentence. The remainder of the paragraph consists of a characterization of the request to which no response is required, except that the Court is respectfully referred to the request for a complete and accurate statement as to its contents.

48. Admit the first five sentences. The last sentence consists of a characterization of the requests to which no response is required, except that the Court is respectfully referred to the requests for a complete and accurate statement as to their contents.

49. Admit that the requests were dated as alleged, but deny that the various components received the requests on the specified dates, and defendants are without knowledge sufficient to form a belief as to whether the requests were sent on the dates in the letters.

50. Admit the first sentence. The second sentence consists of a characterization of the request to which no response is required, except that the Court is respectfully referred to the request for a complete and accurate statement as to its contents.

51. The allegation is a characterization of plaintiffs' requests to which no response is required, except that the Court is respectfully referred to the requests for a complete and accurate statement as to their contents. To the extent that a response is required, admit that plaintiffs claimed to meet the standard for expedited processing, but deny that plaintiffs actually met the standard.

52. Admit.

53. Admit.

54. The allegation is a characterization of plaintiffs' requests to which no response is required except that the Court is respectfully referred to the requests for a complete and accurate statement as to their contents.

55. The allegations in this paragraph are legal conclusions to which no response is required.

56. The allegation is a legal conclusion to which no response is required. To the extent a response is required, deny.

57. The first sentence of the paragraph is a legal conclusion to which no response is required. To the extent a response is required, deny. The second sentence is a characterization of the ACLU's mission to which no response is required. The third sentence is a characterization of the ACLU's mission and legal conclusion to which no response is required. To the extent a response is required, deny. Defendant is without knowledge sufficient to form a belief as to the truth of the fourth and fifth sentences, except admit that the ACLU makes available information to the public. Admit the sixth sentence, except defendant is without knowledge sufficient to form a belief as to whether the web-site is "heavily visited" or what plaintiff means by "heavily visited." Admit the seventh sentence, except defendant is without knowledge sufficient to form a belief as to the number of documents that are on the web-site. Admit the eighth sentence. Admit the ninth sentence, except defendant is without knowledge sufficient to form a belief as to whether the information released by the ACLU qualifies as a "newsletter." Defendant is without knowledge sufficient to form a belief as to the truth of the last sentence.

58. Defendant is without knowledge sufficient to form a belief as to the truth of the first sentence. Admit the second sentence. Defendant is without knowledge sufficient to form a belief as to the truth of the third through fifth sentences.

59. Defendant is without knowledge sufficient to form a belief as to the truth of this allegation.

60. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, deny.

61.     The allegations in this paragraph are legal conclusions, opinions, and characterizations to which no response is required.  To the extent a response is required, deny.

62.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, deny the second sentence and deny that the first sentence fully and accurately characterizes the regulation.

63.     Admit that plaintiffs cited articles in their request for expedition, but deny that the citations justified the request or that plaintiffs are otherwise entitled to expedition.

64.     The first sentence is a legal conclusion to which no response is required.  To the extent a response is required, deny.  The remaining sentences are legal argument and characterizations to which no response is required.  To the extent a response is required, deny.

65.     Deny, except that admit that the England memo required the identification of improperly retained reports and that the memos were being removed from the database as of January 13, 2006.  The General Counsel's office has retained copies of the reports.  Also, the words "serious concern" is a vague characterization to which no response is required.

66.     The allegation is a legal conclusion to which no response is required.  To the extent that a response is required, deny.

67.     Admit, except insofar as the word "documents" includes the agencies' responses, in which case deny.

68.     Admit the first clause; admit the second clause, insofar as the response letters of two components did not specifically address expedited processing; deny the third clause.  Admit the second sentence, except deny insofar as the request assumes that both agency components that granted expedited processing have responsive documents.

69. The allegation is a legal conclusion to which no response is required. To the extent that a response is required, deny.

70. Admit.

71. Admit.

72. Admit.

73. Admit.

74. Admit.

75. Defendant denies that the Office of the Inspector General did not send a response, but defendant is without knowledge sufficient to form a belief as to the truth of the statement that plaintiff ACLU did not receive the response.

76. Admit.

77. Admit.

78. Admit.

79. The first sentence is a characterization of the response to which no response is required. To the extent a response is required, deny that the sentence fully and accurately characterizes the response. Admit the remaining sentences.

80. Admit.

81. Admit.

82. Admit.

83. Admit.

84. The first sentence is a characterization of the response to which no response is required. To the extent a response is required, deny that the sentence fully and accurately characterizes the response. Admit the remaining sentences.

85. Admit.

86. Admit.

87. Admit.

88. Admit.

89. Admit.

90. The first sentence is a characterization of the response to which no response is required. To the extent a response is required, deny that the sentence fully and accurately characterizes the response. Admit the remaining sentences.

91. Admit.

92. Admit.

93. Admit.

94. Admit.

95. Admit.

96. Admit.

97. Deny. The Navy and DIA did not receive requests from the MCLU.

98. Admit.

99. Admit.

100. The first sentence is a characterization of the response to which no response is required. To the extent a response is required, deny that the sentence fully and accurately characterizes the response. Admit the remaining sentences.

101. Admit.

102. Admit.

103. Admit only to the extent that "to date" refers to the date of the complaint. Otherwise, deny.

104. Admit the first sentence. Deny the second sentence.

105. Admit.

106. The first sentence is a characterization of the response to which no response is required. To the extent a response is required, deny that the sentence fully and accurately characterizes the response. Admit the remaining sentences.

107. Admit.

108. Admit.

109. Admit only to the extent that "to date" refers to the date of the complaint. Otherwise, deny.

110. The allegation is a legal conclusion to which no response is required. To the extent a response is required, deny.

111. The allegation is a legal conclusion to which no response is required. To the extent a response is required, deny.

112. The allegation is a legal conclusion to which no response is required. To the extent a response is required, deny.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim with respect to those components without responsive records.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies with respect to their request for expedited processing.

Defendant DOD denies that plaintiff is entitled to the requested relief or to any relief whatsoever.


Dated: September 1, 2006						Respectfully submitted,

								PETER D. KEISLER
								Assistant Attorney General

								PATRICK L. MEEHAN
								United States Attorney

								SUSAN DEIN BRICKLIN
								Assistant United States Attorney

								s/ Samuel C. Kaplan
								ELIZABETH J. SHAPIRO
								Assistant Branch Director
								SAMUEL C. KAPLAN
								Trial Attorney
								U.S. Department of Justice, Civil Division
								Federal Programs Branch,
								P.O. Box 883
								Washington, DC  20044
								(202) 514-4686 (phone)
								(202) 616-8202 (fax)
								Attorneys for Defendants

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN FRIENDS SERVICE COMMITTEE, et al., ) ) ) | |
| Plaintiffs, ) ) | Case No. 06-2529 |
| v. ) ) | Hon. Norma L. Shapiro Judge Presiding |
| UNITED STATES DEPARTMENT OF DEFENSE, ) ) ) | |
| Defendant. ) ) | |

### CERTIFICATE OF SERVICE

I certify that, on this 1st day of September 2006, I filed electronically the foregoing answer.  Notice will be sent to counsel for all parties via the Court's electronic filing system.

                                                                s/ Samuel C. Kaplan
                                                                Samuel C. Kaplan